ROBERT L. ESENSTEN   (Bar No. 65728)
  resensten@wccelaw.com
GREGORY B. SCARLETT (Bar No. 131486)
  gscarlett@wccelaw.com
**WASSERMAN, COMDEN, CASSELMAN & ESENSTEN, L.L.P.**
5567 Reseda Boulevard, Suite 330
Post Office Box 7033
Tarzana, California 91357-7033
Telephone: (818) 705-6800 • (323) 872-0995
Facsimile:  (818) 705-8927

Attorneys for Plaintiff, Stephen J. Rush,
individually and on behalf of all others similarly
situated

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHEN J. RUSH, individually, and on behalf of all others similarly situated, | CASE NO. 3:12-cv-1060 LB |
| Plaintiffs, | **CLASS ACTION** |
| vs. | **STIPULATION REGARDING PROTECTIVE ORDER** |
| NUTREX RESEARCH, INC.; JEFFREY A. MCCARRELL; JENS O. INGENOHL; and DOES 1-50, inclusive, | **[FILED CONCURRENTLY WITH PROPOSED ORDER APPROVING STIPULATION]** |
| Defendants. | |

WASSERMAN, COMDEN, CASSELMAN & ESENSTEN, L.L.P.
5567 RESEDA BOULEVARD, SUITE 330
POST OFFICE BOX 7033
TARZANA, CALIFORNIA 91357-7033

1042251.1

WASSERMAN, COMDEN, CASSELMAN & ESENSTEN, L.L.P.
5567 RESEDA BOULEVARD, SUITE 330
POST OFFICE BOX 7033
TARZANA, CALIFORNIA 91357-7033

1  Whereas the parties to this action, plaintiff Stephen J. Rush and defendants Nutrex

2  Research, Inc. and Jens O. Ingenohl, through their respective counsel of record, have stipulated

3  and agreed that an order under Federal Rule of Civil Procedure 26(c) is necessary and useful to

4  protect the confidentiality of documents and other information obtained in the course of discovery

5  in this action, and have stipulated and agreed to be bound by the terms of this Stipulated Protective

6  Order (the "Protective Order").

7  The materials to be exchanged in the course of this litigation may contain confidential

8  information including but not limited to proprietary, trade secret or other confidential research,

9  financial or other commercial information.  The purpose of this Protective Order is to protect the

10  confidentiality of such materials during the litigation.

11

12  **DEFINITIONS**

13  1.  The term "Confidential Information" shall mean and include any information

14  disclosed in this litigation, regardless of the medium or manner in which it is generated, stored,

15  maintained, or produced (including, among other things, testimony, transcripts, documents and

16  other tangible things), which is deemed in good faith by a party to this case, or any third party

17  from whom discovery is sought, to constitute trade secret, proprietary, or sensitive information,

18  including but not limited to financial data, research and development information; customer and

19  supplier information; company personnel information; marketing strategies and information;

20  strategic business information (including but not limited to business plans, forecasts, cost

21  information, or logistical information); and any other information that affords the producing party

22  in this litigation an actual or potential economic advantage over others.

23  2.  The term "Outside Counsel" shall mean outside counsel of record, and other

24  attorneys, paralegals, secretaries, and other support staff employed in the following law firms:

25  Reed Smith LLP, Allen, Dyer, Doppelt, Milbrath & Gilchrist, P.A. and Wasserman, Comden,

26  Casselman & Esensten, LLP.

27  / / /

28  / / /

WASSERMAN, COMDEN, CASSELMAN & ESENSTEN, L.L.P.
5567 RESEDA BOULEVARD, SUITE 330
POST OFFICE BOX 7033
TARZANA, CALIFORNIA 91357-7033

**DESIGNATION**

3.      Each party to this litigation, or any third party producing information, may

designate information as "CONFIDENTIAL" or "CONFIDENTIAL - FOR COUNSEL ONLY"

if, in the good faith belief of such party and its counsel, the materials fall within the Confidential

Information definition herein and the disclosure of such information (including, in the case of

"CONFIDENTIAL - FOR COUNSEL ONLY," disclosure to anyone other than Outside Counsel)

could be prejudicial to the business or operations of such party, or would violate court orders

and/or confidentiality restrictions involving parties not involved in this litigation.

4.      To designate as "CONFIDENTIAL" or "CONFIDENTIAL - FOR COUNSEL

ONLY," the producing party must mark each page of the document where practical, with the

appropriate designation before producing it.  Where it is not practical to mark each document on a

page basis, the parties shall use a comparable means of marking.  However, for documents

produced by another party or a non-party, or court transcripts, or any documents produced prior to

entry of this Protective Order, a party can assert confidentiality through correspondence to all

other parties that specifically identifies each document that will receive a confidentiality

designation.

5.      Deposition testimony and/or deposition exhibits shall be designated on the record

during the deposition whenever possible.  A party may also designate such testimony and exhibits

after transcription of the proceedings; a party shall have until thirty (30) days after receipt of the

deposition transcript to inform the other party or parties of the portions of the transcript so

designated.

6.      The disclosing party shall have the right to exclude from attendance at said

deposition, during such time as the Confidential Information is to be disclosed, any person not

authorized by this Protective Order.

7.      Designation of Confidential Information as "CONFIDENTIAL" or

"CONFIDENTIAL - FOR COUNSEL ONLY" shall extend to all copies, excerpts, data,

summaries, and compilations derived from such Confidential Information, as well as any

testimony, conversations, or presentations by the parties hereto or their counsel that discloses such

WASSERMAN, COMDEN, CASSELMAN & ESENSTEN, L.L.P.
5567 RESEDA BOULEVARD, SUITE 330
POST OFFICE BOX 7033
TARZANA, CALIFORNIA 91357-7033

1  Confidential Information.

2      8.      If a party, through inadvertence, produces any Confidential Information without

3  designating it in accordance with this Protective Order, the designating party may give written

4  notice within thirty (30) days after production to the receiving party[ies] that the information

5  produced is deemed  "CONFIDENTIAL" or "CONFIDENTIAL - FOR COUNSEL ONLY" and

6  should be treated in accordance with that designation under this Protective Order.  Upon receipt of

7  such notice, the receiving party must treat the Confidential Information as designated hereunder.

8  If the receiving party has already in good faith disclosed the information before receiving timely

9  notice, the receiving party shall have no liability for such good faith disclosure, but shall notify the

10  designating party in writing of each such disclosure.  Counsel for the parties shall agree on a

11  mutually acceptable manner of labeling or marking the inadvertently produced materials as

12  "CONFIDENTIAL" or "CONFIDENTIAL - FOR COUNSEL ONLY."  If the designating party

13  fails to give timely notice to the receiving party[ies] of an inadvertent disclosure, the information

14  disclosed will not be subject to this Protective Order unless otherwise stipulated in writing, or the

15  Court so orders.

16

17  **ACCESS AND USE OF PROTECTED MATERIAL**

18      9.      All Confidential Information designated as "CONFIDENTIAL" or

19  "CONFIDENTIAL - FOR COUNSEL ONLY" shall not be disclosed by the receiving party to

20  anyone other than those persons designated herein and shall be used solely in connection with this

21  litigation, and not for any other purpose, including any business or competitive purpose or

22  function.

23      10.      Information designated "CONFIDENTIAL - FOR COUNSEL ONLY" shall be

24  viewed only by (a) Outside Counsel; (b) in-house counsel; (c) outside experts or consultants

25  retained for purposes of this litigation, in accordance with the provisions of paragraph 12; (d) court

26  reporters and videographers in connection with transcribing or recording a deposition or hearing;

27  (e) the Court and its personnel; and (f) the jury.

28      11.      Information designated as "CONFIDENTIAL" may be disclosed to the persons

WASSERMAN, COMDEN, CASSELMAN & ESENSTEN, L.L.P.
5567 RESEDA BOULEVARD, SUITE 330
POST OFFICE BOX 7033
TARZANA, CALIFORNIA 91357-7033

1  identified in paragraph 10 above, as well as to the parties (or employees thereof), provided each

2  such party or employee of a party has received and had an opportunity to read a copy of this

3  Protective Order in advance of disclosure and has agreed in writing, by executing an

4  Acknowledgment in the form attached hereto as Exhibit "A," to be bound by its terms.

5  12.     The right of any expert or consultant to receive any information designated

6  "CONFIDENTIAL" or "CONFIDENTIAL - FOR COUNSEL ONLY" shall be conditioned on the

7  expert's prior execution of an Acknowledgment in the form attached hereto as Exhibit "A."

8  Notwithstanding the foregoing, any expert or consultant who provides services to a competitor of

9  the producing party may not receive Confidential Information of that party.

10  13.     Nothing herein shall prohibit a party, or its counsel, from disclosing a document

11  designated "CONFIDENTIAL" or "CONFIDENTIAL - FOR COUNSEL ONLY" to any person

12  indicated on the face of the document to be its originator, author or recipient.

13  14.     Each person receiving Confidential Information designated hereunder shall

14  maintain it in a manner which ensures that access is limited to persons entitled to receive it under

15  this Protective Order.  If such Confidential Information is disclosed to any person other than a

16  person authorized by this Protective Order, the party responsible for the unauthorized disclosure

17  must immediately bring all pertinent facts relating to the unauthorized disclosure to the attention

18  of the other parties and, without prejudice to any rights and remedies of the other parties, make

19  every effort to prevent further disclosure by the party and by the person(s) receiving the

20  unauthorized disclosure.

21

22  **CHALLENGING DESIGNATION**

23  15.     At any stage of these proceedings, any party may object to a designation of

24  information as "CONFIDENTIAL" or "CONFIDENTIAL - FOR COUNSEL ONLY."  The party

25  objecting to confidentiality shall notify counsel for the designating party in writing of the

26  objected-to materials and the grounds for the objection.  The parties shall first make a good faith

27  effort to resolve the objection informally.  If the dispute is not resolved within seven (7) days of

28  receipt of such a notice of objection, the objecting party may file a motion with the Court.  For the

WASSERMAN, COMDEN, CASSELMAN & ESENSTEN, L.L.P.
5567 RESEDA BOULEVARD, SUITE 330
POST OFFICE BOX 7033
TARZANA, CALIFORNIA 91357-7033

1  purposes of such a motion, the designating party shall bear the burden of establishing that the

2  designated material at issue does in fact constitute trade secret, proprietary, or sensitive

3  information as described in paragraph 1 above.  Until the Court rules on the motion (or the matter

4  is resolved between the parties), the materials at issue shall be treated as Confidential Information

5  as designated by the designating party.

6

7  **FILING UNDER SEAL**

8  16.    Any party seeking to file with the Court any documents or other evidentiary

9  material designated as "CONFIDENTIAL" or "CONFIDENTIAL - FOR COUNSEL ONLY" may

10  meet and confer with the designating party on the necessity of filing such material under seal.  If

11  the designating party has not been consulted or, after meeting and conferring, the designating party

12  still believes filing under seal is necessary, the filing party must seek permission of the Court to

13  file such designated documents or other material under seal in accordance with Local Rule 79-5,

14  and General Order No. 62.  A motion to file under seal shall be served on all parties, and the

15  documents or other materials in question shall be lodged with the Court conditionally under seal.

16

17  **ADDITIONAL PROVISIONS**

18  17.    Nothing herein shall prejudice the right of any party to object to the production of

19  any discovery material on the ground permitted by the Federal Rules of Civil Procedure, including

20  that the material is protected as attorney-client privileged or attorney work product.

21  18.    Nothing herein shall be construed to prevent disclosure of Confidential Information

22  designated hereunder if such disclosure is required by law or by order of the Court.  In the event

23  that such disclosure is required, the party or other person who is obligated to disclose shall

24  promptly upon receipt of the order or other process requiring the disclosure notify the party who

25  designated the Confidential Information

26  19.    Upon final termination of this action, including any and all appeals, counsel for

27  each party shall, upon request of the producing party, return all Confidential Information to the

28  party that produced the information, including any copies, excerpts, and summaries thereof, or

shall destroy same at the option of the producing party, with confirmation of such destruction to be provided in writing to the producing party, and shall purge all such information from all machine-readable media on which it resides. Notwithstanding the foregoing, counsel for each party may retain all pleadings, briefs, memoranda, motions, and other documents filed with the Court that refer to or incorporate Confidential Information, and will continue to be bound by this Protective Order with respect to all such retained information. Further, attorney work product materials that contain Confidential Information need not be destroyed or returned, but, if they are not destroyed, the person in possession of the attorney work product will continue to be bound by this Protective Order with respect to all such retained information.

20.     The restrictions and obligations set forth herein shall not apply to any information that: (a) the parties agree should not be designated Confidential Information; (b) is already public knowledge; (c) has become public knowledge other than as a result of disclosure by the receiving party, its employees, or its agents in violation of this Protective Order; or (d) has come or shall come into the receiving party's knowledge lawfully and independently of the production by the designating party.

21.     All provisions of this Protective Order shall survive the conclusion of this action, and shall continue to be binding after the conclusion of this action unless subsequently modified by agreement of the parties or further order of this Court. For the purposes of enforcing this Protective Order and resolving any disputes thereunder, the Court retains jurisdiction over the parties and all persons provided access to Confidential Information under the terms of this Protective Order.

22.     All persons bound by this Protective Order are hereby notified that if this Protective Order is violated in any manner, all persons and entities who commit such violations are subject to any and all monetary and other sanctions as the Court, after a hearing, deems to be just.

23.     The Court may modify the terms and conditions of this Protective Order at any time in these proceedings upon motion of any part(ies). Additionally, this Protective Order may be modified by agreement of the parties, subject to approval by the Court.

24.     The terms and provisions of this Protective Order, and designation of any

WASSERMAN, COMDEN, CASSELMAN & ESENSTEN, L.L.P.
5567 RESEDA BOULEVARD, SUITE 330
POST OFFICE BOX 7033
TARZANA, CALIFORNIA 91357-7033

WASSERMAN, COMDEN, CASSELMAN & ESENSTEN, L.L.P.
5567 RESEDA BOULEVARD, SUITE 330
POST OFFICE BOX 7033
TARZANA, CALIFORNIA 91357-7033

1  Confidential Information hereunder, shall also apply to and bind any party who appears in this

2  action subsequent to the entry of this Protective Order.

3                 IT IS SO STIPULATED.

4

5  Dated:        December 13, 2012        WASSERMAN, COMDEN, CASSELMAN &
                                          ESENSTEN, LLP

6

7                                         By:   /s/ Gregory B. Scarlett
                                              Gregory B. Scarlett
8                                             Attorneys for Plaintiff
                                              Stephen J. Rush, individually, and on behalf of all
9                                             others similarly situated

10  Dated:       December 13, 2012        REED SMITH LLP

11

12                                        By:   /s/ Kathy J. Huang
                                              Kathy J. Huang
13                                            Attorneys for Defendants Nutrex Research, Inc. and
                                              Jens O. Ingenohl

14
    Dated: December 13, 2012              ALLEN, DYER, DOPPELT, MILBRATH & GILCHRIST,
15                                        P.A.

16
                                          By:   /s/ Stephen H. Luther
17                                        Stephen H. Luther
                                          Attorneys for Defendants Nutrex Research, Inc. and Jens
18                                        O. Ingenohl

19

20

21

22

23

24

25

26

27

28

1042251.1                                     8                              3:12-cv-1060 LB
                          STIPULATION REGARDING PROTECTIVE ORDER

WASSERMAN, COMDEN, CASSELMAN & ESENSTEN, L.L.P.
5567 RESEDA BOULEVARD, SUITE 330
POST OFFICE BOX 7033
TARZANA, CALIFORNIA 91357-7033

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## EXHIBIT A

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

STEPHEN J. RUSH, individually, and on
behalf of all others similarly situated,

Plaintiffs,

vs.

NUTREX RESEARCH, INC.; JEFFREY A.
MCCARRELL; JENS O. INGENOHL; and
DOES 1-50, inclusive,

Defendants.

CASE NO. 2:12-cv-1060 LB

**PUTATIVE CLASS ACTION**

**AGREEMENT TO BE BOUND BY
TERMS OF STIPULATED PROTECTIVE
ORDER**

Judge:  Honorable Laurel Beeler

1042251.1

3:12-cv-1060 LB

STIPULATION REGARDING PROTECTIVE ORDER

I, _____, declare and say that:

    1.    I am employed as _____ by

_____ .

    2.    I have read and understood the Protective Order entered in the above-entitled cases, and have received a copy of the Protective Order.

    3.    I promise that I will use any and all "Confidential Information", as defined in the Protective Order, received by me only in a manner authorized by the Protective Order, and only to assist Outside Counsel in the litigation of this matter.

    4.    I promise that I will not disclose or discuss such "Confidential Information" with anyone other than the persons with whom I am permitted to discuss such information, as designated, under the terms of the Protective Order.

    5.    I acknowledge that, by signing this agreement, I am subjecting myself to the jurisdiction of the United States District Court for the Northern District of California, and all courts in which appeals may be filed in this action, with respect to enforcement of the Protective Order.

    6.    I understand that any disclosure or use of "Confidential Information" in any manner contrary to the provisions of the Protective Order may subject me to sanctions for contempt of court.

    I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: _____

WASSERMAN, COMDEN, CASSELMAN & ESENSTEN, L.L.P.
5567 RESEDA BOULEVARD, SUITE 330
POST OFFICE BOX 7033
TARZANA, CALIFORNIA 91357-7033